'                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF LOUISIANA

                    LAFAYETTE-OPELOUSAS DIVISION

| BOBBY JOE THERIOT | CIVIL ACTION NO. 08-00896 |
|---|---|
| VS. | JUDGE DOHERTY |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY | MAGISTRATE JUDGE METHVIN |

## *REPORT AND RECOMMENDATION*

Before the court is an appeal of the Commissioner's finding of non-disability. Considering the administrative record, the briefs of the parties, and the applicable law, it is recommended that the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED**.

### *Background and Commissioner's Findings*

Bobby Joe Theriot was born on December 12, 1953, and was 49 years old on the date of his last insured status on June 30, 2003. (Tr. 385). Theriot worked in the past as a sales route driver, a mess cook, and a security guard. Theriot filed an application for disability insurance benefits on April 21, 2006, alleging disability beginning January 1, 1998, due to right shoulder injury, right arm weakness, gout, and heart problems. (Tr. 12, 111).[1] The ALJ issued a decision on March 11, 2008, finding that Theriot was not disabled at any time from January 1, 1998, through the date he was last insured, June 30, 2003. (Tr. 12, 18).

---

[1] The record show Theriot applied and received a closed period of disability benefits due to his shoulder injury which occurred in 1996. (Tr. 81).

At the second step,[2] the ALJ found that Theriot had the following severe impairments: adhesive capsulitis of the right shoulder (frozen shoulder), history of partial tear rotator cuff right shoulder, and gout. (Tr. 14). The ALJ found that Theriot had heart problems beginning in January 2006, after Theriot's last insured date. (Tr. 15). At the third step, the ALJ found Theriot's impairments did not meet or equal in severity any of the listed impairments. The ALJ assigned a residual functional capacity to Theriot as follows:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a modified range of light work as defined in 20 CFR 404.1567(b). The claimant could lift/carry 20 pounds occasionally and 10 pounds frequently. He could stand/walk 6 hours of 8 and sit for 6 hours of 8. He was precluded from performing any over-the-shoulder work with his right arm. (Tr. 15).

At the fourth step, the ALJ found Theriot could not perform any of his past relevant work, but noted the vocational expert testified he could perform the job of a security guard; however, "in an abundance of caution," the ALJ proceeded to the fifth step. (Tr. 17). At the fifth step, the ALJ sought testimony from a vocational expert (VE). The VE testified Theriot could perform

---

[2] In determining whether a claimant is capable of performing substantial gainful activity, the Secretary uses a five-step sequential procedure set forth in 20 C.F.R. §404.1520(b)-(f) (1992):

1. If a person is engaged in substantial gainful activity, he will not be found disabled regardless of the medical findings.

2. A person who does not have a "severe impairment" will not be found to be disabled.

3. A person who meets the criteria in the list of impairments in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors.

4. If a person can still perform his past work, he is not disabled.

5. If a person's impairment prevents him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

Wren v. Sullivan, 925 F.2d 123, 125 (5th Cir.1991) (summarizing 20 C.F.R. §404.1520(b)-(f)).

the representative occupations of security guard and central supply worker. (Tr. 18, 405-406). Based on the testimony of the vocational expert, and "considering the claimant's age, education, work experience, and residual functional capacity, the claimant was capable of making a successful adjustment to other work that existed in significant numbers in the national economy," the ALJ found Theriot disabled. (Tr. 18). This appeal followed.

## *Assignments of Error*

Theriot contends that 1) the ALJ erred in the assessment of his residual functional capacity, resulting in an improper hypothetical being presented to the vocational expert; and 2) the decision is not supported by substantial evidence.

## *Standard of Review*

The court's review is restricted under 42 U.S.C. §405(g) to two inquiries: (1) whether the Commissioner's decision is supported by substantial evidence in the record; and (2) whether the decision comports with relevant legal standards. Carey v. Apfel, 230 F.3d 131, 136 (5th Cir. 2000); Anthony v. Sullivan, 954 F.2d 289, 292 (5th Cir.1992); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Carey, 230 F.3d at 136; Anthony, 954 F.2d at 292; Carrier v. Sullivan, 944 F.2d 243, 245 (5th Cir. 1991). The court may not reweigh the evidence in the record, nor substitute its judgment for that of the Commissioner, even if the preponderance of the evidence does not support the Commissioner's conclusion. Carey, 230 F.3d at 136; Johnson v. Bowen , 864 F.2d 340, 343 (5th Cir.1988). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. Johnson, 864 F.2d at 343.

Under the first four steps of the sequential inquiry, the burden lies with the claimant to prove disability. Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995). The inquiry terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. Id. Once the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir.1987). The burden of proof then returns to the claimant to rebut the Commissioner's showing. Masterson v. Barnhart, 309 F.3d 267, 272 (5th Cir.2002). A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir.1987).

*Discussion*

Theriot argues the medical records support a finding that he cannot perform sustained light work activity prior to the date last insured.[3] He contends the ALJ erred in finding he was only limited to "no over-the- shoulder work." He cites the March, 2002 findings of Dr. Heitkamp, the SSA examiner, and an April, 2002, SSA analyst's determination in support of his argument, which found, *inter alia*, limited range of motion in the right shoulder with severe pain, weak shoulder and triceps muscles on the right, fairly weak right hand grip, and slight

---

[3] Plaintiff's Response to Commissionerr's Brief, Rec. Doc. 10, p.3.

hypoesthesia on the right arm.[4] Theriot also cites Dr. Heitkamp's limiting him to no lifting over 10 pounds occasionally, and statement "I feel he will be capable of some light work where he would not have to use his right hand and arm."[5]

Theriot further cites the SSA analyst's determination that Theriot was "limited in his right upper extremity in pushing, pulling and limited in reaching in all directions (including overhead) with his right (dominant) upper extremity," as support for his argument the ALJ's limitation of "no over-the-shoulder work" with his right arm was an inadequate representation of his impairments[6] Theriot also argues the ALJ did not specify any limitations due to Theriot's gout, and the failure to properly assess the arm limitations and specify the gout limitations resulted in an improper residual functional capacity assessment. As a result, Theriot argues, the hypothetical presented to the VE did not include all of his limitations, and resulted in a finding of non-disability that was not supported by substantial evidence of record

A finding of "no substantial evidence" is proper "only if no credible evidentiary choices or medical findings support the [Commissioner's] decision." Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir.1988). If substantial evidence exists to support the Commissioner's decision and the proper legal standards have been applied, the court must affirm. Hames v. Heckler, 707 F.2d 162, 164 (5th Cir.1983); see Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971). The district court may not reweigh the evidence or substitute its judgment for that of the

---

[4] "Plaintiff's Brief in Support of Request for Review," (rec. doc. 8), citing Tr. 160-162.

[5] *Ibid.*

[6] *Ibid.*, citing Tr. 164-166.

Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. Hollis v. Bowen, 837 F.2d 1378, 1383 (5th Cir.1988).

A review of the record shows that on January 6, 1998, claimant's treating physician, Dr. Frederick Mayer, filled out a Physician Verification Form stating that Theriot had the ability to lift/carry up to 20 pounds occasionally, and up to 10 pounds frequently, and he could sit, stand and walk over 6 hours (Tr. 239 - 247).

Likewise, the Physical Residual Functional Capacity Assessment on April 8, 2002, found Theriot could occasionally lift/carry 20 pounds, could frequently lift/carry 10 pounds, and could stand, walk and sit for about 6 hours. (Tr. 164). The SSA examiner analyst also found Theriot's ability to push/pull and reach (including overhead), was limited in his right extremity. (Tr. 164, 166).

At the hearing, Theriot testified he was able to carry light items, he could hammer with his right arm but not for long, and he showed the ALJ that he could lift his right arm to about chest level. (Tr. 16, 391 - 398, 392, 389).

In his decision, the ALJ considered the medical records along with the testimony of claimant that he raised a few cows until 2001, performed yard work, grocery shopped, could carry light items, and could hammer with his right arm, but not for long. (Tr. 16).

The undersigned concludes that there is substantial evidence in the record supporting the ALJ's assessment of Theriot's residual functional capacity. The ALJ assigned a residual functional capacity that took into account Theriot's gout and limited use of his right arm, including reaching, by limiting Theriot, a forty-nine year old man, to light duty work, with

additional restrictions on performing over-the-shoulder work with his right arm. The court may not reweigh the evidence nor substitute its judgment for the ALJ's.

Having concluded that the ALJ's assessment of Theriot's residual functional capacity was supported by substantial evidence of record, the undersigned finds claimant's secondary and dependent argument that the erroneous residual functional capacity resulted in an improper hypothetical to the VE, also to be without merit.

### *Conclusion and Recommendation*

For the foregoing reasons, the undersigned finds the ALJ's decision that Theriot was not disabled at any time during the period January 1, 1998, through June 30, 2003, was made by proper application of relevant legal standards, and was supported by substantial evidence.

Accordingly, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED** and the case be **DISMISSED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(c) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on August 31, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)